SUGG, Justice,
for the Court:
This appeal is from a decree of the Chancery Court of the First Judicial District of Hinds County sustaining a demurrer to the original and amended bills of complaint filed by Triangle Refineries, Inc. against W. Hampton King, Auditor of the State of Mississippi, A. F. Summer, Attorney General of the State, and Jamie Howell, Motor Vehicle Comptroller of the State.
Triangle Refineries, Inc. is a bonded distributor of gasoline as defined in section 27-55-5(f) Mississippi Code Annotated (Supp.1973). Triangle filed a claim with the Motor Vehicle Comptroller of the State of Mississippi under section 27-55-45 Mississippi Code Annotated (1972) for a refund of gasoline excise taxes paid by it. The date the claim was filed is not shown by the record, but from correspondence attached to Triangle’s bill of complaint we conclude that the claim was filed before March 17, 1978.
On May 9, 1978, Triangle filed a claim with the State Auditor pursuant to the provisions of section 27-73-1 Mississippi Code Annotated (1972) for a refund of gasoline excise taxes paid to the State of Mississippi during the calendar years 1975 and 1976 in the amount of $1,394,768.52, claiming the taxes were erroneously paid.
On June 28, 1978 the Attorney General, the Motor Vehicle Comptroller and the State Auditor denied the claim on the ground that it was barred by section 27-55-19 Mississippi Code Annotated (1972) which requires distributors of gasoline to file claims for exemptions within one year from the date of sale or delivery. The letter stated:
As of this date, the audit of this claim for refund has not been completed by the State Auditor of Public Accounts and the Motor Vehicle Comptroller. The result of the audit will, of course, be made available to Triangle as soon as same is finalized.
The record does not reflect that the audit of Triangle’s claim for refund has been completed. If not, the officials charged with the duty should complete the audit forthwith.
Triangle filed a bill of complaint on June 30, 1978 against the State Auditor, Motor Vehicle Comptroller and Attorney General in two counts. In the first count, Triangle sought recovery by appealing from the decision of the Motor Vehicle Comptroller under section 27-55-41. In the second count, which was in the alternative, Triangle sought recovery by appealing under section 27-73-1 Mississippi Code Annotated (1972).
Section 27-55 — 41 authorizes an appeal by any person aggrieved by an order or act of the Comptroller in the administration of Article 1 of Chapter 55 where no specific remedy is specified in Article 1. The section provides in part:
The aforesaid appeal shall be tried by the court as a preferred case on the record made at the hearing before the comptroller.
Section 27-73-1 provides that a taxpayer aggrieved by the disapproval of his claim for refund may, within six months, file a petition for review in the chancery court. The section provides in part the following:
*118 All such petitions for appeal and review shall be filed in the chancery court of the county in which the money for which refund is claimed was originally paid, and shall be accompanied by a bond in the sum of $500.00 conditioned to pay all costs which may accrue in such case, which bond shall be approved by the clerk of the said court. Upon the approval of the bond, the chancery clerk shall give the attorney general and the auditor of public accounts notice, as required by law, of the filing of the petition. It shall be the duty of the said auditor to promptly transmit to the court in which said appeal is pending a certified copy of the entire record of the claim as shown by the files in his office, which record shall be docketed by the clerk in the cause, and the controversy shall be tried by the court on such record.
The transcript of the record does not contain any record of the hearing before the Motor Vehicle Comptroller, nor does it contain a certified copy of the entire record of Triangle’s claim as shown by the files in the office of the State Auditor.
The only remedy afforded a taxpayer who claims a refund of gasoline excise taxes which has been denied by the proper state officials is by appeal on the record made before the respective state officials. The chancery court, under the above statutes acts as an appellate court. Without the record, the chancery court had no jurisdiction to entertain the demurrer filed by the defendants.
We therefore reverse and remand without prejudice so the proper appellate record may be filed in the Chancery Court and the case then be considered by the Chancery Court sitting as an appellate court on the record made before the Motor Vehicle Comptroller and State Auditor.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.